UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia


ROBERT WILLIAM DOUGHERTY

MEMORANDUM OPINION[*] BY
v.        Record No. 1103-11-4          JUDGE TERESA M. CHAFIN
                                        FEBRUARY 5, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Lorraine Nordlund, Judge

Lauren Whitley, Senior Assistant Public Defender (Diego H. Alcalá
Laboy, Assistant Public Defender; Office of the Public Defender, on
briefs), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Robert William Dougherty ("Dougherty") appeals his conviction of grand larceny of a

vehicle in violation of Code § 18.2-95.  On appeal, he argues that the circuit court erred by applying

a probation officer's miscalculated Virginia Sentencing Guidelines ("guidelines") instead of the

properly calculated guidelines required by his accepted plea agreement.  For the reasons that follow,

we affirm the conviction.

Dougherty entered a plea of guilty pursuant to a plea agreement.  The plea agreement

stated, in pertinent part, "[t]he Commonwealth agrees to a period of active incarceration within

the guidelines."  At sentencing, Dougherty argued that the sentencing guidelines worksheet

submitted to the trial court, which recommended a sentence of incarceration between 1 year, 3

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

months and 3 years, 2 months,[1] was improperly calculated. Specifically, he argued that the probation officer had improperly classified a prior felony conviction Dougherty had incurred in Delaware as a conviction of a crime of violence. He argued that the Delaware conviction of burglary in the third degree should have been considered a misdemeanor under Virginia law, and thus, not a crime of violence. The trial court rejected his argument and imposed an active sentence of three years. He now argues that because the sentence recommendation was higher than it should have been had the guidelines been accurately prepared, he was not sentenced "within the guidelines" and thus the plea agreement was breached.

Even if we were to conclude that the Delaware conviction should not have been considered a crime of violence under Virginia law, Dougherty has failed to provide an adequate record to enable us to consider the merits of his argument on appeal. An appellant must submit a record that enables this Court to determine whether the trial court committed error. See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). Dougherty never provided the circuit court with what he believed to be the proper guidelines calculation (calculated without the alleged misclassification). Nor did the probation officer testify as to what the sentence range would have been without the allegedly misclassified conviction. Without knowledge of what the sentencing recommendation would have been without the inclusion of the Delaware conviction, we cannot determine whether the sentence imposed was within the range of punishment that those guidelines would have recommended. Thus, we cannot determine whether the trial court erred by failing to honor the plea agreement.

---

[1] The guidelines worksheet that was originally prepared by the probation officer was amended by the trial court after it concluded that Dougherty was not "legally restrained at the time of the offense." This recommendation reflects the recommended range of punishment after the trial court amendment.

Due to Dougherty's failure to provide a sufficient record on appeal, we affirm the conviction.

Affirmed.